**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-P15-H**

**JOE A. BROWDER, JR.**                                                                                          **PLAINTIFF**

**v.**

**MICHAEL FAIRCHILD** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Joe A. Browder, filed this *pro se*, *in forma pauperis* action against the Department of Veterans Affairs (VA) and its employees, Michael Fairchild and Daryle Vingleman. Plaintiff is seeking to have Defendants produce information to him under the Freedom of Information Act (FOIA). Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's case in accordance with 28 U.S.C. § 1915(e). For the reasons set forth below, the Court will dismiss this action for failure to exhaust administrative remedies before filing suit.

Plaintiff made at least two requests to the VA for information relating to his pension. Plaintiff claims that the VA did not produce all relevant documents to him in response to his requests. As a result, Plaintiff filed the instant action.

Congress passed the FOIA on September 6, 1966, 80 Stat. 383, now codified as amended at 5 U.S.C. § 552 *et seq.*, to provide public access to records compiled and created by agencies of the federal government. The statute requires that a "requester" must make the request for specific information in accordance with 5 U.S.C. § 552(a)(1)-(3), have the request refused by the agency, and exhaust any administrative appeal procedures with the agency before proceeding to federal court. Case law supports dismissal of an action if the administrative remedies promulgated by the agency are not exhausted. *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) ("Exhaustion of administrative remedies is a threshold requirement to a FOIA claim."); *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986).

An individual requesting information from the VA under FOIA must first make his request "to the office concerned (having jurisdiction of the record desired) or, if not known, to the Director or Veterans Service Center Manager in the nearest VA regional office; the Director, or Chief, Medical Administration Service, or other responsible official of VA medical facility where most recently treated; or to the Department of Veterans Affairs Central Office, 810 Vermont Avenue NW., Washington, DC 20420." 38 C.F.R. § 1.553. If the requester is dissatisfied with the VA's response, he must appeal it to the Secretary of Veterans Affairs who then has 20 days to make a decision. *See* 38 C.F.R. § 1.553(a). Thereafter, the requester may seek judicial review of the decision under FOIA. *Id.*

In this case, Plaintiff did not appeal or otherwise challenge the local VA office's responses to his FOIA requests to the Secretary of Veterans Affairs. As such, he has not exhausted his administrative remedies under FOIA, and this action must be dismissed.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendants

4412.008