UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P15-H

JOE A. BROWDER, JR.                                                                       PLAINTIFF

v.

MICHAEL FAIRCHILD *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Joe A. Browder, filed this *pro se*, *in forma pauperis* action against the Department of Veterans Affairs (VA) and its employees, Michael Fairchild and Daryle Vingleman. Plaintiff is seeking to have Defendants produce information to him under the Freedom of Information Act (FOIA). The Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). After reviewing the complaint and its attachments, by Order entered April 30, 2008, the Court dismissed Plaintiff's claim because it did not appear that Plaintiff had exhausted his administrative remedies prior to filing suit. Plaintiff filed a motion to reconsider on May 7, 2008, arguing that the Court should not have dismissed his claims and asserted that he had exhausted his administrative remedies as explained in a subsequent document he filed with the Court shortly before the Court entered its dismissal. Plaintiff's motion to reconsider (DN 10) is now before the Court.

      The Court has reviewed Plaintiff's subsequent filing (DN 6) which he asserts proves exhaustion. Based on Plaintiff's allegations in the filing, it does appear that Plaintiff attempted to appeal the denial of his FOIA request. Whether Plaintiff did so properly and timely is not certain. However, those issues are better resolved at a later stage in this action. Thus, because there is some evidence in the record that Plaintiff at least attempted exhaustion of administrative remedies, Plaintiff's motion for reconsideration (DN 10) is **GRANTED** with respect to his claim against the VA. **The Clerk is directed to reopen this action to the extent it relates to his claim against the**

**VA.** Plaintiff's motion is **DENIED** to the extent it relates to his claims against Michael Fairchild and Daryle Vingleman because under the plain language of the statute FOIA authorizes suit against federal agencies and does not create a cause of action against individual employees of the federal agency. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Plaintiff is cautioned that this Order does **not** mean that the Court has determined that Plaintiff properly or timely exhausted his claim. Rather, the Court is granting Plaintiff's motion because there is at least an allegation in the record of exhaustion by Plaintiff, making dismissal at this stage premature.

Also before the Court is Plaintiff's motion for a ruling on all pending motions (DN 11). Prior to dismissal, there were a number of outstanding motions that had not been ruled on by the Court. In light of the Court's decision to reopen this matter, Plaintiff's motion (DN 11) is **GRANTED**. Each of the outstanding motions is addressed below.

Plaintiff seeks an evidentiary hearing, emergency injunctive relief and amendment and addition of defendants (DN 6). An evidentiary hearing is premature. Plaintiff has failed to show that emergency relief is warranted under the circumstances as there has been no showing of immediate or irreparable injury or that Plaintiff is likely to prevail on the merits. Finally, the defendants Plaintiff seeks to add are all individual employees of the VA. As stated above, however, FOIA does not create a cause of action against individual employees of a federal agency. Thus, Plaintiff's motion (DN 6) is **DENIED**.

Plaintiff has also filed a motion for emergency relief relating to the payment of the filing fees for this and other actions he has filed with this Court (DN 11). In so far as this action is concerned, Plaintiff filed for pauper status in accordance with 28 U.S.C. § 1915(b)(1). Plaintiff's application was granted, and the Court ordered collection by the institution in accordance with the statute. Plaintiff has failed to offer the Court any evidence that collection by his institution in this suit has been contrary to the Court's Order. Additionally, in respect to Plaintiff's request to be allowed to pay

filing fees directly from his pension, the Court observes that this is a FOIA action and an injunction in that nature is beyond the scope of this action.  Accordingly, Plaintiff's motion (DN 7) is **DENIED.**

**IT IS FURTHER ORDERED that the Clerk of Court shall effect service of process of the complaint (DN 1) on the Department of Veterans Affairs, the United States Attorney for the Western District of Kentucky, and the Attorney General of the United States in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

Date:

cc: Plaintiff, *pro se*
 Defendants
 United States Attorney

4412.008