**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-P15-H**

JOE A. BROWDER, JR.                                                                                              PLAINTIFF

v.

MICHAEL FAIRCHILD *et al.*                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joe A. Browder, filed this *pro se*, *in forma pauperis* action against the Department of Veterans Affairs (VA) and its employees, Michael Fairchild and Daryle Vingleman, seeking to have them produce information to him under the Freedom of Information Act (FOIA). The VA is the only surviving Defendant. On September 11, 2008, the VA filed its Answer. The VA attached several documents to its Answer that it admittedly had not previously provided to Plaintiff in response to his FOIA requests. Specifically, in its Answer the VA admitted that "some documents responsive to Plaintiff's FOIA requests for the dates October 31, 2007, to November 30, 2007, were mistakenly not provided to Plaintiff." Defendant did not elaborate as to why the documents were initially not provided to Plaintiff under FOIA.

Based on its review of Plaintiff's original FOIA requests and Defendant's Answer, the Court concluded that it appeared that the VA had now produced to Plaintiff all of the documents he originally requested pursuant to FOIA. As a result, by Order entered September 24, 2008, the Court directed Plaintiff to advise the Court whether he wished to continue with this action. And, if so, what relief he was seeking from Defendant. Plaintiff was warned that his failure to comply with the Order would result in dismissal of this action.

Defendant has filed a motion to compel arguing that Plaintiff has not complied with the Court's Order by fully identifying all of the relief he seeks as part of this action (DN 33). Defendant

has also filed a motion to dismiss (DN 37). Also before the Court is a motion from Plaintiff seeking an order requiring Defendant to produce additional documents to him under FOIA (DN 35), and a request for an order requiring the VA to pay Plaintiff's filing fees out of his pension fund (DN 38). Each motion is addressed below.

### Defendant's motion to compel (DN 33)

Defendant seeks an order from the Court requiring Plaintiff to strictly comply with the Court's September 24, 2008, Order. Plaintiff filed a response to the Order indicating that he desired to proceed with this action. In various other documents filed with the Court, Plaintiff asserts that as relief he also wants the Court to make rulings regarding the administration of his VA benefits and pension under its 28 U.S.C. § 1331 federal-question jurisdiction and to order the VA to produce additional documents to him under FOIA. Although it would have been preferable for Plaintiff to have filed a single document setting forth all of the relief he desires, a review of the docket sheet reveals that Plaintiff has substantially complied with the Court's September 24, 2008, Order. Accordingly, Defendant's motion to compel (DN 33) is **DENIED**.

### Plaintiff's motion for production of additional documents (DN 35)

Plaintiff is seeking to have the Court order Defendant to produce: (1) his letters to Carrie M. Johnson Clark dated August 17, 2008, and September 9, 2008, and any responses to said letters; and (2) pleadings filed in a benefits appeal in July 2008. A review of Plaintiff's initial FOIA complaint reveals that he was seeking through this action: (1) audits of his accountings; (2) the field exam of September 18, 2007; (3) the status of his substantive appeals; and (4) all documents in his file from October 30, 2007, to November 30, 2007. According to Defendant, those documents have now been provided to Plaintiff. The new documents that Plaintiff seeks were not requested until several months after Plaintiff filed this action. The Court will not enlarge this action to encompass documents that

were not properly part of Plaintiff's original complaint, especially at this stage of the litigation. Accordingly, Plaintiff's motion (DN 35) is **DENIED.**

### Defendant's motion to dismiss (DN 37)

Defendant argues that it has now produced to Plaintiff all of the documents he sought under FOIA as part of his original complaint. As such, Defendant claims that this action should be dismissed because no additional relief is available to Plaintiff. Plaintiff asserts that he is seeking the production of additional documents and for relief relating to his veterans benefits and administration of his pension fund under this Court's federal question jurisdiction, 28 U.S.C. § 1331.

The Court has already determined that Plaintiff is not entitled to the additional documents requested as part of this action. Additionally, this Court does not have jurisdiction to review VA benefits determinations. The United States has not waived its sovereign immunity as to review of VA decisions or procedures by any court other than the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. *See In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("We find that Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims."). This leaves only Plaintiff's FOIA claim.

Money damages are not a form of relief available under FOIA. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993). However, a court may "assess against the United States attorneys fees and other costs reasonably incurred" to a party who has "substantially prevailed" in a FOIA action. *See* 5 U.S.C. § 552(a)(4)(E). In determining whether a prevailing FOIA complainant should be awarded attorneys fees, a district court should consider at least the following factors: "the benefit to the public deriving from the case; the commercial benefit to the complainant and the nature of its interest in the records; and whether the agency's withholding had a reasonable basis in law." *See*

*Detroit Free Press v. DOJ*, 73 F.3d 93, 99 (6th Cir. 1996) (quoting *American Commercial Barge Lines Co. v. N.L.R.B.*, 758 F.2d 1109, 1111 (6th Cir. 1985).

While an award of attorneys fees might be excessive given Plaintiff's *pro se* status, the Court cannot automatically exclude the possibility that an argument could be made that Plaintiff is entitled to reimbursement of the $350.00 filing fee in this case given the fact that the VA admitted in its answer that some of the original documents were mistakenly not produced to Plaintiff prior to his filing of this action. Before making such a determination, however, the Court finds that it would be helpful for the parties to address in writing the issue of cost reimbursement. Accordingly, **IT IS ORDERED that no later than May 25, 2009, Plaintiff shall file a brief memorandum with the Court setting out the costs he alleges that he has incurred pursuing this action and a discussion of why the Court should award him those costs under the factors outlined above. No later than June 25, 2009, the United States shall file a response indicating whether it is agreeable to reimbursing Plaintiff for any of his costs, and if not, why it contends those costs should not be reimbursed. After submission of these briefs, the Court will dispose of this case, including the pending motion to dismiss.**

**Plaintiff's motion for payment of filing fees out of his VA pension fund (DN 38)**

Plaintiff seeks an order from the Court allowing him to pay the remainder of his filing fees from his Veterans Administration Pension Fund. As already set forth above, the Court lacks jurisdiction in relation to Plaintiff's VA benefits. As such, the Court cannot order the VA to allow Plaintiff access to his funds for the purpose of paying the filing fee in this case or any other case. Therefore, Plaintiff's motion (DN 55) is **DENIED**. If, however, Plaintiff secures the right from the VA to do so, the Clerk of Court will accept the payment. If the remaining balances are paid in full, the Court will enter appropriate orders directing the institution where Plaintiff is incarcerated to cease

collecting the fees from his prison trust account.

Date:

cc: Plaintiff, *pro se*
      Counsel of record

4412.008