UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P15-H

JOE A. BROWDER, JR.                                                                        PLAINTIFF

V.

MICHAEL FAIRCHILD, et al.                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joe A. Browder, filed this *pro se, in forma pauperis* action against the Department of Veterans Affairs ("VA") and its employees, Michael Fairchild and Daryle Vingleman, seeking the production of information under the Freedom of Information Act ("FOIA"). The VA is the only remaining defendant. In its Answer, the VA admitted that some documents "were mistakenly not provided to Plaintiff" and it then produced those documents responsive to Plaintiff's earlier FOIA requests. This Court has concluded that those documents fulfilled Plaintiff's FOIA requests. Given these circumstances, the Court directed the parties to address whether Plaintiff was entitled to an award of his costs and fees in this case. After reviewing the briefs and carefully considering that question, the Court concludes that Plaintiff is not entitled to costs or fees.

Where a plaintiff "substantially prevails" on a FOIA complain, the Court may assess "reasonable attorney fees and other litigation costs." 5 U.S.C.A. § 552(a)(4)(E)(i). The award of costs and fees is not intended as a reward or penalty, but merely to "relieve plaintiffs with legitimate claims of the burden of legal costs." *Seegull Mfg. Co. v. NLRB*, 741 F.2d 882, 885 (6th Cir. 1984). The Court determines whether to grant fees and costs using a two-part test. *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998). First, Plaintiff must be eligible for an

award, by substantially prevailing in his case. *Id.* Second, Plaintiff must be entitled to an award. *Id.*

Plaintiff substantially prevails if he has obtained relief through "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in a position by the agency, if the complainant's claim is not insubstantial." § 552(a)(4)(E)(ii). The Court never ordered the Department of Veterans Affairs (VA) to provide any documents because it found that the VA had voluntarily provided previously omitted documents in its Answer. Plaintiff is eligible to recover only if the VA voluntarily changed its position and Plaintiff's claim is not insubstantial.

Where the agency voluntarily changed its position regarding the requested material, Plaintiff may be said to have prevailed if his lawsuit was the catalyst to that change. *Seegull Mfg. Co.*, 741 F.2d at 885; *see also Wildlands CPR v. U.S. Forest Serv.*, 558 F. Supp. 2d 1096, (D. Mont. 2008). In other words, Plaintiff substantially prevails if the relevant material would not have been released without Plaintiff's lawsuit. *Crooker v. U.S. Parole Comm'n*, 776 F.2d 366, 367 (1st Cir. 1985); *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1389 (8th Cir. 1985).

Plaintiff claims to have requested information from the VA on three occasions: August 18, September 21, and December 9. Defendant contends that it never received all of Plaintiff's FOIA requests, but if it had, every document Plaintiff sought would have been produced without the litigation. Specifically, Defendant claims it never received Plaintiff's September 21 request. Defendant argues that the lawsuit only provided an alternative venue by which the VA received Plaintiff's requests for information. Based on the documents attached to the complaint, the Court cannot definitively determine whether the VA received all three of these requests.

Defendant affirms that it has no record of the September 21 request. Further, Plaintiff contends that specific requested information, namely an audit of the accounting of his VA pension fund, was ignored. The Court has insufficient information to determine if Defendant complied with that request prior to the litigation. Given the lack of clarity, the Court will assume, for purposes of this Memorandum only, that this litigation caused the Defendant to produce the requested material.

However, the Plaintiff must also demonstrate that his claim is not insubstantial. § 552(a)(4)(E)(ii). The claim is not insubstantial if the lawsuit was reasonably necessary to obtain the requested information. *See GMRI, Inc.*, 149 F.3d at 451 (discussing what Plaintiff must show to demonstrate he "substantially prevailed" where the Court did not order the production of documents). In this case, the Court does not believe the lawsuit was necessary for Plaintiff to receive his requested information. First, as the Court suggested in a previous opinion, Plaintiff may not have fully pursued all administrative remedies. Further, even though Plaintiff is prohibited from calling the VA toll-free number due to his incarceration, Plaintiff is not prevented from contacting the VA. In fact, Plaintiff has repeatedly contacted the VA and successfully obtained records. Nothing indicates that Plaintiff could not have achieved the same production of documents by explaining the situation via letter or other communication short of filing a lawsuit. Plaintiff does not appear eligible for costs or fees.

Even if Plaintiff were eligible to receive costs or fees, Plaintiff must be entitled to costs or fees. Generally, a *pro se* litigant is not entitled to attorneys fees. *Kay v. Ehrler*, 900 F.2d 967, 971 (6th Cir. 1990); *Falcone v. I.R.S.*, 714 F.2d 646, 648 (6th Cir. 1983). This is true because the award is not intended to "subsidize attorneys without clients." *Falcone*, 714 F.2d at 648.

This circumstance alone could bar Plaintiff's claim for fees.

Even leaving aside Plaintiff's status as a *pro se* litigant, his claim for attorney's fees and costs falls short. Entitlement is determined by balancing equitable considerations. *GMRI, Inc.*, 149 F.3d at 451. The Court considers "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant and the nature of its interest in the records; and (3) whether the agency's withholding [of the records] had a reasonable basis in law." *Id.* (quoting *Detroit Free Press, Inc. v. Dept. of Justice*, 73 F.3d 93, 98 (6th Cir. 1996)).

The public benefit is critical since the purpose of the FOIA is not "to provide documents to particular individuals who have special entitlement to them, but rather 'to inform the *public* about agency action.'" *U.S. Dept. of Justice v. Julian*, 486 U.S. 1, 17 (1988) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975)) (emphasis in original) (dissenting opinion). Thus, the public benefit criterion contemplates whether "the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979 (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978)) (referencing the FOIA's legislative history). The second factor "relates to 'the potential for private commercial benefit' as an incentive to encourage a plaintiff's pursuit of a FOIA claim." *Wildlands CPR*, 558 F. Supp. 2d at 1101(quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 494 (9th Cir. 1983)). "[W]hen a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorney's fees is generally inappropriate." *Tax Analysts v. U.S. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992) (citing *Fenster*, 617 F.2d at 743; *La Salle Extension Univ. v. FTC*, 627 F.2d 481, 484 (D.C. Cir. 1980)). The third factor assesses the agency's reason for withholding

the information. *Wildlands CPR*, 558 F. Supp. 2d at 1101. It is "intended to weed out those cases in which the government was 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Tax Analysts*, 965 F.2d at 1097 (quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C. Cir. 1977)).

Plaintiff brought suit to obtain information regarding whether his own VA pension fund was being properly administered. His personal investigation coincided with a public news story regarding embezzlement by VA administrators. The man who had administered Plaintiff's VA pension fund was one of the people implicated in those news stories. Plaintiff, however, does not suggest that he intended to do anything with this information other than pursue a personal reward from a suit for embezzlement. Defendant seemingly withheld the information due to administrative or processing errors.

The benefit to the public from this case is minimal. Plaintiff was not providing a service to anyone other than himself. Although information regarding embezzlement he may have personally experienced could be relevant to the public news story, his motive was not to further that story nor to shed light on any other person's plight. Plaintiff's ability to obtain this information added little, if anything, to the public discourse.

Plaintiff had a motive to bring his FOIA lawsuit independent of the attorney's fees or costs incentive. His personal interest in determining whether any funds had been embezzled was sufficient to seek disclosure of the documents. The ability to get attorney's fees did nothing to motivate Plaintiff's desire to obtain these materials. Thus, an award of attorney's fees is unnecessary to promote this FOIA litigation.

Finally, although Defendant does not seem to have any legal basis for withholding the

information, such as privilege, ministerial errors in this context do not shift the balance of equities to justify awarding costs and fees.  The limited evidence does not suggest that Defendant had any deleterious motive in withholding the requested information.  The withholding seems to have resulted from a failure of communication and ministerial processes.  Since there is limited public interest in this case and Plaintiff is motivated by strong private interests, the circumstances of withholding do not support an award of fees or costs.

For the reasons set forth in this Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claims under FOIA are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff is not entitled to reimbursement of his costs or fees associated with this litigation.

This is a FINAL order.

July 23, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Counsel of Record